Judge Marsha J. Pechman

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| OSCAR LEE OLIVE, IV., an individual )<br><br>    Plaintiff, )<br>)<br>*v.* )<br>)<br>HAYLEY MARIE ROBINSON, an )<br>individual, )<br>)<br>    and )<br>)<br>JUSTUS KEPEL, an individual, and Does )<br>1-20 inclusive )<br>)<br>    Defendants )<br>) | **No. 2:18-cv-00862-MJP**<br><br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**1. DEFAMATION**<br><br>**2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**Jury Trial Demanded** |

    COMES NOW Plaintiff Oscar Lee Olive, IV ("Plaintiff") files this Complaint against Defendants Hayley Marie Robinson ("Robinson") and Justus Kepel ("Kepel") (collectively "Defendants") and alleges as follows:

### THE PARTIES

1.        Plaintiff Oscar Lee Olive, IV, is an individual currently living in Broward County, Florida "("Plaintiff").  During the events relevant to this Complaint, Plaintiff was a resident at 3355 Southern Ave., Suitland, Maryland 20746 in Prince George's County.

FIRST AMENDED COMPLAINT       1

Oscar Olive (Plaintiff)
7340 NW 44th Ct.
Ft. Lauderdale, FL 33319
(850) 319-9023

2.       Defendant Hayley Marie Robison ("Robinson") is an individual residing in Whatcom County at 487 Westerly Rd #102, Bellingham, WA 98226.

3.       Defendant Justus Kepel ("Kepel") is an individual residing in Snohomish County at 5104 93rd Pl SW, Mukilteo, Washington 98275.

4.       Kiersten Alexandra Klag ("Klag") is a resident of Westchester, West Virginia.

5.       The true names and capacities of DOES 1 through 20 are presently unknown to Plaintiff and when they become known, Plaintiff will amend this Complaint by identifying the true names and capacities of the Doe defendants herein sued as fictitious Doe defendants; Plaintiff is informed and believes and on such information and belief alleges that each of said Defendants is responsible to Plaintiff in some actionable manner as set forth herein.

## JURISDICTION AND VENUE

6.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Defendants reside in Washington State within the jurisdiction of this Court, and at all relevant times Plaintiff resided in Maryland, and currently resides in Broward County, Florida. The amount in controversy exceeds $75,000.

7.       Personal jurisdiction and venue are proper in this Court because both defendants are located in the Western District of Washington.

## STATEMENT OF FACTS

8.       On or around June 1, 2016 Plaintiff paid for Defendant Robinson and her boyfriend, Defendant Kepel, to travel to Suitland, Maryland, to work a modeling photo shoot pursuant to a written agreement entered into between Plaintiff and Robinson in or about May 2016.

9.       On or around July 3, 2016 Plaintiff, and Defendants Robinson and Kepel, were at Plaintiff's Maryland residence with another model, Klag.   While at Plaintiff's house/home

Oscar Olive (Plaintiff)
7340 NW 44th Ct.
Ft. Lauderdale, FL 33319
(850) 319-9023

studio Robinson and Kepel demanded that Plaintiff pay them more money for the modeling photo shoot.  Plaintiff declined.  Defendants Robinson and Kepel grew angry when Plaintiff informed them, that pursuant to their agreement, all costs, including the costs paid by Plaintiff for the Defendants' airline tickets, would be deducted from Robinson's pay.  Defendants Robinson and Kepel stated they "would get even" with Plaintiff and cause him personal and financial harm.  Defendants demands continued through July 6, 2016.

10.     On or around July 11, 2016, in retaliation for Plaintiff not giving Robinson more money, additional professional services and a better contract, Defendant Robinson falsely stated on Facebook that Plaintiff had sexually assaulted Klag on the night of July 3, 2016. Defendant Robinson also made false factual statements that Plaintiff had engaged in theft, stealing money from the models.  Defendants Robinson and Kepel knew the statements made against Plaintiff were false as they were present at all times during the night of July 3, 2016 and would later admit they knowingly fabricated their statements in injure Plaintiff personally and professionally.

11.     On or around July 5, 2016 through August 30, 2016 Defendants Robinson and Kepel continued their campaign to extort money and/or services and a more lucrative modeling contract from Plaintiff.   Defendants stated they were publishing the false factual statements against Plaintiff to extort more money, services and a new modeling contract.   However, Plaintiff refused to give in to Defendant Robinson's demands.

12.     During this period, on or about July 5, 2016 through August 2016, Defendant Kepel aided and abetted Defendant Robinson by allowing Robinson to use his Facebook account as Robinson's account had been shut down by Facebook over her postings, to assist Robinson and republishing Robinson's known defamatory postings. Defendant Kepel knew his girlfriend's, Robinson's, statements were false, yet Kepel gave substantial assistance and/or

FIRST AMENDED COMPLAINT            3

1   encouraged Robinson to engage in making false factual statements concerning Plaintiff

2   personally and against him professionally.

3   13.        On or around November 1, 2016, Robinson admitted she had lied and

4   misinformed third parties that she had made the false factual statements against Plaintiff in his

5   personal and professional capacity intentionally.

6   14.        On or about November 2, 2016, Robinson again on admitted on Facebook that her

7   published statements of and concerning Plaintiff and the false claims of sexual misconduct and

8   theft were false.

9   15.        Defendants' posted written and video nine times on various social media

10  platforms accusing the Plaintiff of sexual assault, being a pervert, sexual predator, and

11  manipulator along with other outrageous terms.

12  16.        Robinson's postings were admittedly intended to expose Plaintiff to hatred,

13  contempt, ridicule or obloquy, to deprive him of the benefit of public confidence or social

14  intercourse, or to injure him in his business, trade, and/or profession as a photographer.

15  17.        Robinson's false factual statements were viewed by hundreds of individuals, many

16  in the photography and modeling business in which Plaintiff had established a substantial

17  business and secondary income and career. Defendant Robinson's posting was seen by

18  Plaintiff's clients and his employer, which caused Plaintiff's termination.   Plaintiff's

19  termination caused him to suffer a loss of income, pension, benefits, and loss of future income.

20  Plaintiff's business also suffered financially as the direct result of Defendants' false factual

21  statements against Plaintiff.   As the result of Defendant Robinson and Kepel's malicious

22  actions Plaintiff has suffered damages exceeding $100,000.00.

23  18.        At all times, Defendants conduct was extreme and outrageous, using Defendants'

24  Facebook accounts as a vehicle to extort money and/or services from Plaintiff under threat of

Oscar Olive (Plaintiff)
7340 NW 44th Ct.
Ft. Lauderdale, FL 33319
(850) 319-9023

making false statement of sexual misconduct and theft, all for Defendants' personal financial gain, and to injure Plaintiff emotionally and professionally.   Defendants' conduct was so extreme, as it exceeded the bounds of decency, and found to be to be regarded as atrocious, and utterly intolerable in a civilized community.

19.        Defendants' actions were outrageous and extreme and caused Plaintiff extreme emotional distress. Plaintiff suffers from depression, fear, nausea, panic attacks, and found to have physical manifestations in his internal organs such as his liver, as the direct and proximate result of Defendants' outrageous conduct.   Plaintiff now requires the use of an emotional support animal for the rest of his life as recommended by his therapist.

20.        Defendants acted with malice, oppression and/or fraud as to warrant imposition of punitive damages.

**FIRST CAUSE OF ACTION**

**DEFAMATION**

**(AGAINST ALL DEFENDANTS)**

21.        Plaintiff hereby incorporates, incorporates and re-alleges paragraphs 1-20 as set forth above.

22.        That between July 3, 2016 through August 2016, Defendants Robinson and Kepel made false factual statements against Plaintiff by publishing postings on Facebook that Plaintiff had engaged in unlawful activities, such as sexual misconduct and theft of money.

23.        Defendants Facebook postings were intended extort money and/or services from Plaintiff, for Defendants' own private use, and were therefore unprivileged.

24.        Defendant Robinson admitted she had fabricated the false facts she had published of and concerning Plaintiff on Facebook.

25.        As the direct and proximate result of Defendant's actions, Plaintiff lost his job,

FIRST AMENDED COMPLAINT                5

1   benefits, pension, and income.  Defendants' conduct also caused Plaintiff's business to suffer

2   financially, losing clients as a result of Defendants' postings, resulting in a substantial loss of

3   income from Plaintiff's photography business.

4                              **SECOND CAUSE OF ACTION**

5                    **INTENTIONAL INFLICTION OF EMOTION DISTRESS**

6                              **(AGAINST ALL DEFENDANTS)**

7   26.          Plaintiff hereby incorporates, incorporates and re-alleges paragraphs 1-20 as set

8   forth above.

9   27.          Defendants' acts of making false statements of facts against Plaintiff concerning

10  sexual misconduct and theft were extreme outrageous, designed to extort money and/or

11  professional services, and a modeling contract from Plaintiff.

12  28.          Defendants' conduct was intended to cause Plaintiff emotional harm.

13  29.          As the direct and proximate result of Defendants' conduct Plaintiff suffers from

14  extreme emotional distress. Plaintiff suffers from depression, fear, nausea, panic attacks, and

15  found to have physical manifestations in his internal organs such as his liver, as the direct and

16  proximate result of Defendants' outrageous conduct.  Plaintiff now requires the use of an

17  emotional support animal for the rest of his life as recommended by his therapist.

18  30.          As the direct and proximate result of Defendants' conduct Plaintiff suffers from

19  extreme emotional distress. Plaintiff suffers from depression, fear, nausea, panic attacks, and

20  found to have physical manifestations in his internal organs such as his liver, as the direct and

21  proximate result of Defendants' outrageous conduct.  Plaintiff now requires the use of an

22  emotional support animal for the rest of his life as recommended by his therapist.

23                              **AIDING AND ABETTING LIABILILTY**

24  31.          At all times, Defendants, including Defendant Ketel knew Robinson's statements

FIRST AMENDED COMPLAINT          6          Oscar Olive (Plaintiff)
                                              7340 NW 44th Ct.
                                              Ft. Lauderdale, FL 33319
                                              (850) 319-9023

1  posted on Facebook were false.

2  32.        Defendant Ketel gave substantial and and/or assistance to Defendant Robinson, in

3  a concerted act, to further Robinson's publishing of false factual statements against Plaintiff, to

4  in an attempt to obtain money, and/or professional services, including a more profitable

5  modeling contract for his girlfriend, Robinson.

6  33.        Defendants, and each of them, acted in concert, for the common purpose of

7  defaming Plaintiff personally and/or professionally, with the intent of causing Plaintiff to suffer

8  personal injury and/or financial loss.  Each Defendant should be held joint and severally liable

9  for the injuries caused to Plaintiff.

10                         **DEMAND FOR JURY TRIAL**

11  34.        Plaintiff requests trial by jury.

12

13                            **PRAYER FOR RELIEF**

14  WHEREFORE, Plaintiff prays that he have judgment against Defendants as follows:

15

16  *FOR CAUSE OF ACTION NO. 1:*

17        a.        For all general and special damages to be proven at trial, including but not limited

18                  to loss of past and future income, benefits, and pension.

19  *FOR CAUSE OF ACTION NO. 2:*

20        b.        For all general and special damages to be proven at trial, including past and future

21                  pain and suffering.

22  *FOR ALL CAUSES OF ACTION:*

23        c.        Award Plaintiff the costs of this action, and

24        d.        An award of any other relief as this Court deems just and proper.

FIRST AMENDED COMPLAINT          7                Oscar Olive (Plaintiff)
                                                  7340 NW 44th Ct.
                                                  Ft. Lauderdale, FL 33319
                                                  (850) 319-9023

1   Dated: July 30, 2018                     Respectfully submitted,

2

3                                            By:     __/s Oscar Lee Olive__

4                                                    Oscar Lee Olive, IV
                                                     Plaintiff, In Pro Per
5                                                    Oscar.L.Olive@gmail.com
                                                     (850) 319-9023

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

FIRST AMENDED COMPLAINT          8          Oscar Olive (Plaintiff)
                                             7340 NW 44th Ct.
                                             Ft. Lauderdale, FL 33319
                                             (850) 319-9023

WAWD - Certificate of Service (Revised 12/27/12)

1

2

3

4

5

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

6

7   OSCAR LEE OLIVE, IV

8           Plaintiff(s),

9   v.                                    Case No.  2:18-cv-00862-MJP

10  HAYLEY MARIE ROBINSON and
    JUSTUS KEPEL                          **CERTIFICATE OF SERVICE**

11

12          Defendant(s).

13  I hereby certify that on  7/30/2018                        I electronically filed the foregoing

14  with the Clerk of the Court using the CM/ECF system which will send notification of such
    filing to the following:

15  Hayley Marie Robinson (irelandrosemarie@gmail.com)

16

17  and I hereby certify that I have mailed by United States Postal Service the document to the
    following non CM/ECF participants:

18  Justus Kepel 5104 93rd Pl. SW, Mukilteo, Washington 98275

19
                                    s/ OSCAR LEE OLIVE, IV
20  Dated   Jul 30, 2018
                                    Sign or  use a "s/" and your name

21

22                                  Oscar Olive (Plaintiff)
                                    7340 NW 44th Ct.
23                                  Ft. Lauderdale, FL 33319
                                    (850) 319-9023

24

25
                                    Name, Address and Phone Number of Counsel or Pro Se

**CERTIFICATE OF SERVICE**          Page  of