UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSCAR LEE OLIVE, IV,<br><br>    Plaintiff,<br><br> v.<br><br>HAYLEY MARIE ROBINSON, *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-00862-MJP<br><br>**JOINT STATUS REPORT** |

The parties submit the following Joint Status Report.

**1. Nature and Complexity of Case.**

Plaintiff alleges that the defendants committed a series of defamatory publications that were knowingly false when made, that they were intended to harm plaintiff, and in fact caused plaintiff to suffer financial injury. Plaintiff further alleges that defendants engaged in outrageous behavior with the intent to cause, and in fact did cause, severe emotional distress. Defendants deny these claims.

**2. Proposed Deadline for Joining Additional Parties.**

January 4, 2019.

**3. Magistrate Judge.**

The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Rule MJR 13 to conduct all

JOINT STATUS REPORT — 1

proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable Brian A. Tsuchida may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no". Individual party responses should not be provided. A "yes" response should be indicated only if parties consent. Otherwise, a "no" response should be provided.

Response: Yes

**4.     Discovery Plan.**

    **a.     Initial Disclosures.**

Initial disclosures shall be made by October 12, 2018.

    **b.     Subjects, Timing, and Potential Phasing of Discovery.**

Plaintiff anticipates that written discovery of defendants will commence upon entry of a scheduling order, with depositions to follow. Defendants anticipate written discovery followed by depositions not only of plaintiff but of witnesses attesting to the truth of the matters stated by defendant(s). Defendants believe no order is needed to establish subjects, timing, or phasing, and that the civil rules are adequate to ensure orderly discovery.

    **c.     Electronically Stored Information.**

The parties shall preserve electronically-stored information. They agree below that the Model Protocol for Discovery of ESI is adequate.

    **d.     Privilege Issues.**

No party at this time anticipates privilege issues other than attorney-client and work-product claims that will be asserted as discovery progresses.

    **e.     Proposed Limitations on Discovery.**

JOINT STATUS REPORT — 2

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
10605 SE 240th St. PMB 444
Kent, Washington 98031
(206) 533-0490

Plaintiff proposes to limit discovery to defendants' postings on Facebook and any other social media and on any damages suffered as a result. Defendants do not believe "topical" limitations are appropriate. They believe that limitations on subject, timing, and number already in the civil rules are adequate to govern the discovery required in this case. Particularly in a defamation case, plaintiff's reputation is at issue. Given the various facts that may affect plaintiff's reputation, the limitations proposed by plaintiff are unworkable.

  **f. Need for Discovery-Related Orders.**

Plaintiff believes a formal order for discovery would help the parties keep the issues narrowed and on-track. Defendants believe that no order is necessary at this time and that the procedure embodied in the existing civil rules is adequate to govern discovery.

**5. Views, Proposals, and Agreements on LCR 26(f)(1) Subjects.**

  **a. Prompt Case Resolution.**

Plaintiff would entertain a fair settlement. Defendants are parties of limited means and doubt that plaintiff would accept what they can afford to pay. Each defendant is considering bankruptcy to avoid the risk and expense of this lawsuit.

  **b. Alternative Dispute Resolution.**

Plaintiff is open to any process to resolve the case expeditiously, but is concerned that costs associated with ADR are often higher than a jury trial. Defendants believe that a prompt mediation is appropriate given their limited resources.

  **c. Related Cases.**

There are no related cases.

  **d. Discovery Management.**

Plaintiff believes that no discovery management is necessary given that the discovery he seeks is not voluminous. Defendants believe that no limits on discovery

JOINT STATUS REPORT — 3

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
10605 SE 240th St. PMB 444
Kent, Washington 98031
(206) 533-0490

beyond those contained in the civil rules is necessary and that no discovery management (via discovery master or otherwise) is necessary.

e. **Anticipated Discovery Sought.**

Plaintiff seeks all ESI on defendants' electronic devices, including but not limited to any storage devices, and access to defendants' Facebook and/or social media website postings from January 1, 2015, to the present day.

Defendants anticipate discovery on all issues relevant to plaintiff's claims, including of third-party witnesses who can attest to the truth of the alleged defamatory remarks, harm to plaintiff's reputation (including military proceedings that resulted in his financial losses), causation, and the like.

f. **Phasing Motions.**

Plaintiff does not anticipate the need for discovery phasing motions. However, plaintiff believes that in the event of a discovery dispute, the court can hold an informal hearing by telephone to avoid unnecessary motion practice.

Defendants do not believe that phasing of motions makes sense in the context of this case. While in some cases liability can efficiently be determined before damages, in a defamation case harm to reputation is a key element of liability. There would be no way to avoid the expense of preparing a damages phase by determining liability first.

g. **Preservation of Discoverable Information.**

All discoverable information shall be preserved.

h. **Privilege Issues.**

No party at this time anticipates privilege issues other than attorney-client and work-product claims that will be asserted as discovery progresses.

i. **Model Protocol for Discovery of ESI.**

The parties believe that the Model Protocol is sufficient.

j. **Alternatives to Model Protocol.**

JOINT STATUS REPORT — 4

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
10605 SE 240th St. PMB 444
Kent, Washington 98031
(206) 533-0490

The parties do not believe that any alternative to the Model Protocol is necessary at this time.

**6.     Date by Which Discovery Can Be Completed.**

Plaintiff believes that discovery can be completed by January 2019.  Given the necessity of out-of-state discovery in particular, defendants believe that discovery cannot be completed by that date and that June 2019 is a more realistic deadline.

**7.     Whether Case Should Be Bifurcated.**

No party at this time believes that bifurcation is appropriate.

**8.     Pretrial Statements and Pretrial Order.**

The parties believe that pretrial statements and a pretrial order are unnecessary and costly.  They waive the requirements of LR 16(e), (h), (i), (k), and 16.1.

**9.     Suggestions for Shortening or Simplifying the Case.**

All parties are receptive to early mediation.  They do not at this time have suggestions for otherwise shortening or simplifying the case.

**10.     Date by Which Case Will Be Ready for Trial.**

Plaintiff believes that the case will be ready for trial by March 2019.  Defendants believe that the case will be ready for trial by October 2019.

**11.     Whether Trial Will Be Jury or Non-Jury.**

Plaintiff has demanded a jury trial.  Defendants do not contest that the case as pleaded is triable to a jury.

**12.     Number of Trial Days Required.**

All parties agree that the trial will require four to five days.

**13.     Names, Addresses, and Telephone Numbers of All Trial Counsel.**

Plaintiff and defendant Ms. Robinson are at this time unrepresented by counsel.  Counsel for Mr. Keppel is Alan S. Middleton, Law Offices of Alan S. Middleton PLLC, 10605 SE 240th Street PMB 444, Kent, Washington 98031; his telephone number is (206) 533-0490.

**14.     Scheduling Conflicts of Trial Counsel.**

JOINT STATUS REPORT — 5

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
10605 SE 240th St. PMB 444
Kent, Washington  98031
(206) 533-0490

Mr. Middleton is the only attorney involved at this point and has no conflicts after May 2019.

**15.    Service on Defendants.**

All named defendants have been served.  The Amended Complaint names Doe defendants who have not been identified or served as yet.

**16.    Scheduling Conference.**

No party requests a scheduling conference prior to entry of a scheduling order.

**17.    Disclosure Statements.**

No party at this time is a nongovernmental corporate entity.

DATED this 5th day of October, 2018.

                    Law Offices of Alan S. Middleton PLLC
                    Attorneys for Justus Keppel

By: */s/ Alan S. Middleton*
     Alan S. Middleton, WSBA No. 18118
10605 SE 240th St. PMB 444
Kent, WA 98031
Tel:  (206) 533-0490
alanscottmiddleton@comcast.net


*/s/ Oscar Lee Olive, IV*
Oscar Lee Olive, IV
Plaintiff, *in pro per*
7340 NW 44th Court
Fort Lauderdale, FL 33319
Tel:  (850) 319-9023
oscar.l.olive@gmail.com


*/s/ Hayley Marie Robinson*
Hayley Marie Robinson
Defendant, *pro se*
487 Westerly Road Apt. 102
Bellingham, WA 98226
Tel:

JOINT STATUS REPORT — 6

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
10605 SE 240th St. PMB 444
Kent, Washington  98031
(206) 533-0490

irelandrosemarie@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**JOINT STATUS REPORT — 7**

**LAW OFFICES OF
ALAN S. MIDDLETON PLLC**
10605 SE 240th St. PMB 444
Kent, Washington 98031
(206) 533-0490

# CERTIFICATE OF SERVICE

Alan S. Middleton states:

I certify that on this day I served the foregoing on counsel and/or parties as follows:

> Oscar Lee Olive, IV, Plaintiff pro per
> 7340 NW 44th Court
> Fort Lauderdale, FL 33319
> Tel:  (850) 319-9023
> Email:  oscar.l.olive@gmail.com
>
> By Email
>
> Hayley Marie Robinson, Defendant
> 487 Westerly Road No. 102
> Bellingham, WA 98226
> Email:  irelandrosemarie@gmail.com

Dated this 19th day of September, 2018, at Renton, Washington.

_____
Alan S. Middleton

JOINT STATUS REPORT — 8

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
10605 SE 240th St. PMB 444
Kent, Washington  98031
(206) 533-0490