Hon. Brian A Tsuchida

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| OSCAR LEE OLIVE, IV., an individual | Docket No. 2:18-cv-00862-BAT |
| Plaintiff, | |
| vs. | |
| HAYLEY MARIE ROBINSON, an individual, | **MOTION TO COMPEL** |
| and | |
| JUSTUS KEPEL, an individual, and Does 1-20 inclusive | |
| Defendants. | |

## I. RELEIF REQUESTED

**COMES NOW** Plaintiff, Oscar Lee Olive, IV request that the Court order Defendant Hayley Marie Robinson ("Ms. Robinson") to produce discovery to Plaintiff the discovery in its entirety.

| Plaintiff's Request for Motion To Compel | - 1 - | Oscar Olive (Plaintiff) Parties 101 N. Ocean Drive Suite 132 Hollywood, FL 33019 850-319-9023 |
|---|---|---|

## II. STATEMENT OF FACTS

1. On or around June 1, 2016 Plaintiff paid for Defendant Robinson and her boyfriend, Defendant Kepel, to travel to Suitland, Maryland, to work a modeling photo shoot pursuant to a written agreement entered into between Plaintiff and Robinson in or about May 2016.

2. On or around July 3, 2016 Plaintiff, and Defendants Robinson and Kepel, were at Plaintiff's Maryland residence with another model, Klag. While at Plaintiff's house/home studio Robinson and Kepel demanded that Plaintiff pay them more money for the modeling photo shoot. Plaintiff declined. Defendants Robinson and Kepel grew angry when Plaintiff informed them, that pursuant to their agreement, all costs, including the costs paid by Plaintiff for the Defendants' airline tickets, would be deducted from Robinson's pay. Defendants Robinson and Kepel stated they "would get even" with Plaintiff and cause him personal and financial harm. Defendants demands continued through July 6, 2016.

3. On or around July 11, 2016, in retaliation for Plaintiff not giving Robinson more money, additional professional services and a better contract, Defendant Robinson falsely stated on Facebook that Plaintiff had sexually assaulted Klag on the night of July 3, 2016. Defendant Robinson also made false factual statements that Plaintiff had engaged in theft, stealing money from the models. Defendants Robinson and Kepel knew the statements made against Plaintiff were false as they were present at all times during the night of July 3, 2016 and would later admit they knowingly fabricated their statements in injure Plaintiff personally and professionally.

4. On or around July 5, 2016 through August 30, 2016 Defendants Robinson and Kepel continued their campaign to extort money and/or services and a more lucrative modeling contract from Plaintiff. Defendants stated they were publishing the false factual statements against Plaintiff to extort more money, services and a new modeling contract. However, Plaintiff refused to give in to Defendant Robinson's demands.

5. During this period, on or about July 5, 2016 through August 2016, Defendant Kepel aided and abetted Defendant Robinson by allowing Robinson to use his Facebook account as Robinson's account had been shut down by Facebook over her postings, to assist Robinson and republishing Robinson's known defamatory postings. Defendant Kepel knew his girlfriend's, Robinson's, statements were false, yet Kepel gave substantial assistance and/or encouraged Robinson to engage in making false factual statements concerning Plaintiff personally and against him professionally.

### III.   DISCOVERY REQUESTS

1. On January 28, 2019, Plaintiff Olive sent Plaintiff's First Set of Interrogatories, Request for Admissions and Requests for Production via process server to Defendant Robinson.

2. On February 26, 2019, Plaintiff Olive sent an email asking Defendant Robinson if she will meet the 30 day deadline required by the courts. Plaintiff also asked that a emailed response would be sent by 9:00pm (Pacific standard time) February 28, 2019.

Plaintiff's Request for Motion     - 3 -     Oscar Olive (Plaintiff) Parties
To Compel                                    101 N. Ocean Drive Suite 132
                                             Hollywood, FL 33019
                                             850-319-9023

3. On February 27, 2019 at 7:51pm (Pacific standard time) Defendant Robinson emailed Plaintiff Olive claiming she was unable to supply the requested discovery requests by the 30 day deadline. Defendant Robinson replied by saying "she would have them completed by the following week.

4. On March 3, 2019 at 11:25am Plaintiff Olive sent an additional email asking when the Defendant Robinson would have the First Set of Interrogatories, Admissions and Requests for Production completed as told by her. Defendant Robinson replied by stating March 8, 2019 they would be completed.

5. As of March 11, 2019 Plaintiff Olive has received no reply from Defendant Robinson regarding the First Set of Interrogatories, Admissions and Requests for Production that were due on March 1, 2019.

### IV.   ISSUE PRESENTED

1. Whether the Court should enter an order requiring Defendant to produce discovery pursuant to the Interrogatories, Admissions and Requests for Production propounded on Defendants and award terms under FRCP 37(a)(4).

### V.   EVIDENCE RELIED UPON

1. This Motion is based on the files and records herein and the FRCP 37 Certification of Oscar Lee Olive IV filed and served herewith. This Motion is based on FRCP 37.

### VI.   LEGAL ANALYSIS

**Plaintiff Allowed Sufficient Time for Adequate Responses.**

2. Discovery rules regarding Interrogatories and Requests for Production are rules

generally found under FRCP 37. ―The party upon whom the interrogatories have been served shall serve a copy of the answers and objections if any, within 30 days after the service of the interrogatories...‖ FRCP 37 (emphasis added). Civil Rule 34 pertaining to Production of Documents includes the same language. Here, 30 days after service of the discovery requests on Defendants would have been March 1, 2019.

3. Defendants hold critical information necessary for Plaintiff to prove its case at trial, which discovery rules entitle Plaintiff to seek and receive. ―A spirit of cooperation and forthrightness during the discovery process is mandatory for the functioning of modern trials.‖ Johnson v. Mermis, 91 Wn. App. 127, 132, 955 P.2d 826 (1998). FRCP 37 allows relevant questions to the subject matter involved in the action and not just the precise issues framed by the pleadings.

4. Parties may not simply ignore or fail to respond to discovery requests—they must answer, object, or seek a protective order. The rules are clear that a party must fully answer all interrogatories and all requests for production unless a specific and clear objection is made. A party's failure to comply with document production rules may not be excused on grounds that the discovery sought is objectionable.

5. Plaintiff extended the deadline for Defendant to provide discovery. According to FRCP 37 and case law, Defendant must cite a specific objection or provide the requested documents. Plaintiff continues to await the requested discovery. Defendants' delays obstruct Plaintiff's discovery process. The Court should grant the Motion to Compel.

Plaintiff's Request for Motion To Compel   - 5 -   Oscar Olive (Plaintiff) Parties
101 N. Ocean Drive Suite 132
Hollywood, FL 33019
850-319-9023

## VII.  CONCLUSION

1. Despite multiple requests, Defendant Robinson failed to produce complete answers to Interrogatories, Admissions and Requests for Production in a timely fashion. The Court should grant to Motion to Compel to produce the documents.

Dated: March 11, 2019                          Respectfully submitted,

By: _____

Oscar Lee Olive, IV

Plaintiff, In Pro Per

Oscar.L.Olive@gmail.com

(850) 319-9023