# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| OSCAR LEE OLIVE, IV,<br><br>               Plaintiff,<br><br>   v.<br><br>HAYLEY MARIE ROBINSON, JUSTUS KEPEL,<br><br>               Defendants. | CASE NO. 2:18-cv-00862-BAT<br><br>**ORDER REGARDING SUBPOENA TO PRODUCE DOCUMENTS (DKT. 32)** |

The Court has reviewed Plaintiff's request for issuance of a Subpoena to Produce Documents to non-party Jeffrey Olin in Houston, Texas. Dkt. 32. The Court will not issue the subpoena because it does not comply with the requirements of Fed. R. Civ. P. 45.

First, Fed. R. Civ. P. 45(a)(4) requires that a subpoena calling for the production of documents must be served on each party before it is served on a third party to allow the opposing party an opportunity to object or to serve a subpoena for additional materials. A failure to provide adequate notice to the opposing parties is grounds for quashing the subpoena.

Second, Fed. R. Civ. P. 45(c)(2)(A) provides that a subpoena may command "production of documents, electronically stored information ("ESI"), or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45 further states that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires a person to comply beyond the geographical

ORDER REGARDING SUBPOENA TO
PRODUCE DOCUMENTS (DKT. 32) - 1

limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). Thus, based on a strict reading of Rule 45, a motion to quash the subpoena would be appropriate here because complying with the subpoena as written would require the witness to physically produce documents in Hollywood, Florida, which is more than 100 miles from Houston, Texas where he presumably resides, is employed, or regularly conducts business.

However, cases from the Ninth Circuit indicate that where the subpoenaed person is not instructed to also appear at the production location along with the requested documents, the 100-mile boundary does not apply. *See*, *e.g.*, *Sec'y of Labor, United States Dep't of Labor v. Kazu Constr., LLC*, 2017 WL 628455, at 12 (D. Haw. Feb. 15, 2017); *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, 2014 WL 3573400, at 4 (S.D. Cal. July 18, 2014); *Kremen v. Cohen*, 2012 WL 1669358, at 2 (S.D. Cal. May 11, 2012); *Jett v Penner*, 2007 WL 127790, at 2 (E.D. Cal. Jan. 12, 2007); *Elsom v. Global Life and Accident Insurance Company*, 2018 WL 4092020 (D. Or. 2018).

Therefore, Plaintiff should resubmit his request for subpoena and clarify that the subpoenaed person is not instructed to also appear at the production location and only the requested documents are to be produced. Plaintiff must also serve defendants with a copy of his subpoena request.

DATED this 25th day of March, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge