1
2
3
4
5
6
7                                                                    Hon. Brian A Tsuchida
8
9                          **UNITED STATES DISTRICT COURT**
10                        **WESTERN DISTRICT OF WASHINGTON**
11                                   **AT SEATTLE**
12                                                      )
13    OSCAR LEE OLIVE, IV., an individual              )        **Docket No.  2:18-cv-00862-BAT**
                                                       )        **DECLARATION**
14              Plaintiff,                             )
15         vs.                                         )
                                                       )
16    HAYLEY MARIE ROBINSON, an                        )
      individual,                                      )
17                                                     )
18              and                                    )
      JUSTUS KEPEL, an individual, and Does            )
19    1-20 inclusive                                   )
20                                                     )
                                                       )
21              Defendants.                            )
22                                                     )
                                                       )
23    _____         )
24                                 **DEFENDANT**
25         I, OSCAR LEE OLIVE IV, under penalty of perjury pursuant to the laws of the State of
26    Washington, declare and states as follows:
27
28    Plaintiff's DECLARATION              - 1 -              Oscar Olive (Plaintiff) Parties
                                                             101 N. Ocean Drive Suite 132
                                                             Hollywood, FL 33019
                                                             850-319-9023

1. I am over the age of eighteen (18) and competent to testify therein. I make this declaration based on my personal knowledge.

2. I am representing myself Pro Se, in the above-entitled action.

3. The information sought in the discovery is essential to provide factual support for claims of Defamation against Plaintiff.

4. On February 28, 2019 Plaintiff's First Set of Interrogatories, Admissions and Requests for Production were sent via Certified Mail to Defendant Kepel via his Attorney, Mr. Alan Middleston at LAW OFFICES OF ALAN S. MIDDLETON, 10605 SE 240TH ST. PMB 444, KENT, WA 98031.

5. Attached hereto as Exhibit "A" is a true and correct copy of Interrogatories, Admissions and Requests for Production, incorporated herein by this reference.

6. On March 22, 2019, Plaintiff Olive sent an email asking Mr. Middleton if he will meet the deadline required by the courts.

7. Attached hereto as Exhibit "B" is a true and correct copy of the email sent to Mr. Alan Middleton on March 22, 2019. It is also the response from Mr. Middleton on March 22, 2019.

8. As of April 4, 2019 I have received no reply from Defendant Kepel's Attorney, Mr. Middleton regarding the First Set of Interrogatories, Admissions and Requests for Production that were due on April 2, 2019.


Dated: April 4, 2019                              Respectfully submitted,


Plaintiff's DECLARATION                - 2 -              Oscar Olive (Plaintiff) Parties
                                                          101 N. Ocean Drive Suite 132
                                                          Hollywood, FL 33019
                                                          850-319-9023

1

2

3

4                    By: _____

5                          Oscar Lee Olive, IV

6                          Plaintiff, In Pro Per

7                          Oscar.L.Olive@gmail.com

8                          (850) 319-9023

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's DECLARATION       - 3 -       Oscar Olive (Plaintiff) Parties
101 N. Ocean Drive Suite 132
Hollywood, FL 33019
850-319-9023

# EXHIBIT "A"

1

2

3

4

5

6

7                                                                    Hon. Brian A Tsuchida

8

9                          **UNITED STATES DISTRICT COURT**

10                         **WESTERN DISTRICT OF WASHINGTON**

11                                    **AT SEATTLE**

12                                                    )

13      OSCAR LEE OLIVE, IV., an individual          )          **Docket No.  2:18-cv-00862-BAT**
                                                      )
14               Plaintiff,                          )
                                                      )
15          vs.                                       )
                                                      )
16      HAYLEY MARIE ROBINSON, an                    )
        individual,                                  )
17                                                    )
18               and                                 )
                                                      )
19      JUSTUS KEPEL, an individual, and Does        )
        1-20 inclusive                               )
20                                                    )
                                                      )
21               Defendants.                          )
                                                      )
22                                                    )
                                                      )
23                                                    )
        _____
24            <u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**</u>

25      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Oscar Olive ("Mr. Olive")

26      hereby serve Defendant Justus Kepel ("Mr. Kepel") a written response to these interrogatories.

27      Mr. Kepel is hereby requested to answer these interrogatories in writing under oath no later than

28      Plaintiff's Request for Interrogatories      - 1 -          Oscar Olive (Plaintiff) Parties
                                                                    101 N. Ocean Drive Suite 132
                                                                    Hollywood, FL 33019
                                                                    850-319-9023

30 days from the date of service hereof. If the answer to any interrogatory is contained in a record or document, or in other written materials in the custody, possession, or control of Defendant, Plaintiff hereby requests that, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, a copy of each record, document or other written memorandum either be attached to the answers to these interrogatories as exhibits or be made available for inspection and copying on or before 30 days from service at the offices of Plaintiff.

## **DEFINITIONS**

A.  "Plaintiffs" means the named plaintiff Oscar Lee Olive, IV.

B.  The term "Profile(s)" means any online account that requires a email address to create and log into.

C.  Document" is used in the broadest sense consistent with the definition set forth in Fed. R. Civ. P. 34(a). The term "document" includes, without limitation, physical objects and things, such as research and development samples, prototype devices, production samples and the like, as well as hard copies and electronic copies of computer production software, computer files and electronic mail (email). A draft, translation or non-identical copy is a separate document within the meaning of this term.

D.  "Communication" means any transmission, exchange or making known of information or thoughts by oral, written, electronic, pictorial or other means, including, but not limited to, personal conversations, conferences, telephone conversations, memoranda, correspondence, voice mail, email, handwritten or typed notes, reports, and publications, and shall include any means of conveying a message from one or more persons to one or more persons, and shall be given the broadest possible interpretation.

E.  "Person" means any natural person, as well as any organization or entity. including but not limited to corporations, associations, partnerships, limited liability companies, joint ventures, firms, organizations, or governmental agencies or bodies.

F.  "Evidencing," or "referring," or "relating" means consisting of, embodying, summarizing, describing, mentioning, or in any way pertaining to.

G.  "And" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests any information that otherwise might be construed to be outside the scope of any request.

Plaintiff's Request for Interrogatories     - 2 -               Oscar Olive (Plaintiff) Parties
                                                               101 N. Ocean Drive Suite 132
                                                               Hollywood, FL 33019
                                                               850-319-9023

H.  "All" or "any" means "any and all.

I.  To "describe in detail" means to provide with respect to any act, occurrence. transaction, event, statement, communication, or conduct (hereinafter collectively "act") all facts concerning any such act, including but not limited to a description of each act, the date and the location of the act, and the names and addresses of all persons involved.

J.  As used herein, "identify," "identity," or "identification," when used in reference to:

1.  A natural person, means to state that person's full name, home and business address, home and business telephone numbers, and present or last known position or business affiliation;
2.  A firm, partnership, corporation, or any other person other than a natural person, means to describe the type of such entity, a corporation, partnership, etc, and the entity's full name, address, principal place of business, and telephone number;
3.  A place, means to state to the fullest extent possible the street address, city, and state where the place is located; or
4.  A document, means to state the date, author, addressee, number of pages, and type of document, e, g., letter, memorandum, telegram, contract, etc. If any document was, but no longer is, in your possession, custody, or control, state what disposition was made of the document and the reason for such disposition.

## **INSTRUCTIONS**

A.  You are required to make a diligent search of your records and of other papers and materials in your possession, custody, or control or otherwise available to you or your representatives, including your attorneys, accountants, and real estate brokers, to satisfy your obligation to respond fully and completely to these interrogatories.

B.  In the event you claim any form of privilege as to any interrogatory, or claim that disclosure of any information called for in response to these interrogatories would reveal a trade secret or other form of information that you claim merits protection under the law other than privilege, you are requested to identify the statement, document, communication, or information by its date, all author(s), all recipient(s), and all other persons who have knowledge of the privileged or protected information, document or subject matter, and the general nature of the information, document or subject matter without disclosing any claimed privileged or protected information, and the nature of the privilege or protection claimed. You are further requested to state whether you will permit in camera inspection by the Court to determine the validity and appropriateness of such claim of privilege or protection.

Plaintiff's Request for Interrogatories      - 3 -                Oscar Olive (Plaintiff) Parties
                                                                  101 N. Ocean Drive Suite 132
                                                                  Hollywood, FL 33019
                                                                  850-319-9023

C. In the event you claim any burden or oppression as to any information called for by any interrogatory, state the reason for such claim, the number of files and/or the documents that need to be searched to respond, their location, the time claimed by you to be required to respond to the interrogatory, and the cost (in dollars) of same.

D. These interrogatories are continuing in nature, and you are therefore required to file supplemental answers if you obtain further or different information requested herein that was not available, known, or otherwise furnished at the time your answers to these interrogatories were served.

E. In each of your responses to these interrogatories, you are requested to provide all information within your possession, custody, or control. In the event that you provide only a portion of the information called for by any particular interrogatory, please state the reason(s) for your inability or refusal to provide the remainder of the information requested.

F. If, in responding to these interrogatories, Defendant elects to avail itself of the procedure authorized by Federal Rule of Civil Procedure 33, Plaintiff requests that for each interrogatory so answered, Defendant specify the particular document or documents by production number from which the answer may be derived or ascertained.

G. If Defendant does not answer any interrogatory in full, please state the precise reason for failing to do so. If a legal objection is made, please set forth the specific nature of the grounds for that objection.

H. If only a portion of any interrogatory will not be answered, please provide a complete answer to the remaining portion of the interrogatory and state the reasons or grounds for Defendant's inability or refusal to complete the answer. If an interrogatory can be answered only in part on the basis of information available at the time of the response, please provide an answer on the basis of that information, indicate that Defendant's answer is so limited and provide a further response when further information becomes available.

I. If Defendant learns at any time that any response to any of these interrogatories is incomplete or incorrect, Plaintiffs request that Defendant immediately serve amended responses that are complete and correct pursuant to Rule 33 of the Federal Rules of Civil Procedure.

J. If Defendant finds the meaning of any term in these interrogatories unclear, Defendant shall assume a reasonable meaning, state what the assumed meaning is and respond to the interrogatory according to the assumed meaning.

Plaintiff's Request for Interrogatories      - 4 -              Oscar Olive (Plaintiff) Parties
                                                               101 N. Ocean Drive Suite 132
                                                               Hollywood, FL 33019
                                                               850-319-9023

## **INTERROGATORIES**

1. State your full name, present address, date and place of birth, height, and weight, and, if you have a drivers license, the state of issuance and the number of that driver's license.

2. State any other name or names by which you have been known, including. nickname(s), and the inclusive dates of use of that name or names.

3. State all your former residence addresses, including street address, city, state and zip code, that you have lived at during your lifetime, giving the dates during which you lived at each address.

4. If you are presently employed, state:

   a. The name and address of your present employer;

   b. The name and address of your immediate supervisor;

   c. The nature of the work you do and your job title;

   d. The number of hours, per week, you normally work,

   e. The date your employment began and ended;

   f. All of your job positions from the beginning of your employment dates for each position;

   g. Your present rate of pay or salary; and

   h. If you are not presently employed, describe the reason why.

5. What level of education do you have?

6. Did you finish High School? If not. Why not?

7. Have you ever been arrested? If so. When? Why?

8. Have you been involved in any other legal claims or lawsuits? If so. When? Where?

9. Have you discussed this lawsuit with anyone else, signed any statements or affidavits relating to this lawsuit, or posted information about this lawsuit on any Internet site or on Facebook. If so. Who? Where? When?

10. Was anyone else present when you discussed this case with your lawyer? If yes. Who?

Plaintiff's Request for Interrogatories       - 5 -                    Oscar Olive (Plaintiff) Parties
                                                                        101 N. Ocean Drive Suite 132
                                                                        Hollywood, FL 33019
                                                                        850-319-9023

11. List all Social media account names, email addresses used during the dates of July 2016 - July 2018.

12. List dates of when all Facebook accounts were created.

13. Describe in detail any and all modeling or photo shoots you attended with Hayley Marie Robinson in the last five years.

14. Describe in detail any and all names, emails and phone numbers to any persons to which you share Hayley Marie Robinson's accusation about Oscar Lee Olive IV to in person and online.

15. Describe in detail any and all Facebook conversations in which you talked about the accusation of Oscar Lee Olive IV.

16. Describe in detail any and all names of people you spoke to about Oscar Lee Olive IV in regards to him or his business.

17. Describe in detail any and all Facebook postings and videos regarding Olive (also known on Facebook as Lee Richardson) by Hayley Marie Robinson.  Specifically provide: (1) when the Facebook statement or video was posted (2) the content of the post in detail (3) a copy of the complaint if still in existence (4) Names of any private Facebook groups you were a member of where you saw postings about Olive.

18. Describe in detail the allowing of your Facebook profile to Hayley Marie Robinson on July 13, 2016 for all Facebook postings and videos regarding Olive (also known on Facebook as Lee Richardson).  Specifically provide: (1) when the Facebook statement or video was posted (2) the content of the post in detail (3) a copy of the complaint if still in existence (4) Names of any private Facebook groups you were a member of where you or Ms. Robinson posted about Oscar Lee Olive IV.

19. Describe in detail any and all Facebook conversations you had with anyone regarding Oscar Lee Olive IV (also known on Facebook as Lee Richardson).  Specifically provide: (1) when the Facebook message was made (2) the content of the messages in detail (3) a copy of the messages.

20. Describe in detail any and all text message conversations you had with anyone regarding Oscar Lee Olive IV (also known on Facebook as Lee Richardson).  Specifically provide: (1) when the text message was made (2) the content of the messages in detail (3) a copy of the messages.

Plaintiff's Request for Interrogatories      - 6 -                    Oscar Olive (Plaintiff) Parties
                                                                     101 N. Ocean Drive Suite 132
                                                                     Hollywood, FL 33019
                                                                     850-319-9023

21. Describe in detail any and all phone call conversations you had with anyone regarding Oscar Lee Olive IV (also known on Facebook as Lee Richardson).  Specifically provide: (1) when the phone call was made (2) the content of the messages in detail (3) a copy of the messages.

22. Describe in detail the NCIS statements or phone calls you gave between July 2016-July 2018 when you claimed witness to Oscar Lee Olive, IV committing the serious offense of sexual assault on July, 3 2016.

23. Describe in detail the NCIS statement you gave to NCIS agent Jerime Thurston on Oct. 7, 2016 when you claimed Oscar Lee Olive, IV committed the serious offense of sexual assault on July, 3 2016.

24. Describe in detail the Facebook post "She will continue making new profiles until Lee Richardson is shut down" made on your "Justus Keppel" Facebook timeline about Oscar Lee Olive IV (aka Lee Richardson) on July 14. 2016.

25. Describe in detail the NCIS statement you gave to NCIS agent Jerime Thurston on Oct. 7, 2016 when you claimed Oscar Lee Olive, IV committed the offense of sexual assault on July, 3 2016 to Kiersten Klag.

Dated: January 25, 2019                                    Respectfully submitted,

By:  _____

Oscar Lee Olive, IV

Plaintiff, In Pro Per

Oscar.L.Olive@gmail.com

(850) 319-9023

Plaintiff's Request for Interrogatories      - 7 -                Oscar Olive (Plaintiff) Parties
                                                                 101 N. Ocean Drive Suite 132
                                                                 Hollywood, FL 33019
                                                                 850-319-9023

1

2

3

4

5

6

7                                                                    Hon. Brian A Tsuchida

8

9                           **UNITED STATES DISTRICT COURT**

10                          **WESTERN DISTRICT OF WASHINGTON**

11                                       **AT SEATTLE**

12                                              )

13    OSCAR LEE OLIVE, IV., an individual       )          **Docket No.  2:18-cv-00862-BAT**
                                                )
14                 Plaintiff,                   )
                                                )
15          vs.                                 )
                                                )
16    HAYLEY MARIE ROBINSON, an                 )
      individual,                               )
17                                              )
                                                )
18               and                            )
                                                )
19    JUSTUS KEPEL, an individual, and Does     )
      1-20 inclusive                            )
20                                              )
                                                )
21               Defendants.                    )
                                                )
22                                              )
                                                )
23                                              )

24          <u>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

25                                <u>**FROM DEFENDANT**</u>

26    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Oscar Olive ("Mr. Olive")

27    hereby serve this First Set of Requests for production of documents on Defendant Justus Kepel

28    Plaintiff's Request for Documents        - 1 -          Oscar Olive (Plaintiff) Parties
                                                             101 N. Ocean Drive Suite 132
                                                             Hollywood, FL 33019
                                                             850-319-9023

("Mr. Kepel"). Mr. Kepel is hereby requested to provide documents under oath no later than 30 days from the date of service hereof.

### **DEFINITIONS**

A. "Plaintiffs" means the named plaintiff Oscar Lee Olive, IV.

B. The term "Profile(s)" means any online account that requires a email address to create and log into.

C. Document" is used in the broadest sense consistent with the definition set forth in Fed. R. Civ. P. 34(a). The term "document" includes, without limitation, physical objects and things, such as research and development samples, prototype devices, production samples and the like, as well as hard copies and electronic copies of computer production software, computer files and electronic mail (email). A draft, translation or non-identical copy is a separate document within the meaning of this term.

D. "Communication" means any transmission, exchange or making known of information or thoughts by oral, written, electronic, pictorial or other means, including, but not limited to, personal conversations, conferences, telephone conversations, memoranda, correspondence, voice mail, email, handwritten or typed notes, reports, and publications, and shall include any means of conveying a message from one or more persons to one or more persons, and shall be given the broadest possible interpretation.

E. "Person" means any natural person, as well as any organization or entity. including but not limited to corporations, associations, partnerships, limited liability companies, joint ventures, firms, organizations, or governmental agencies or bodies.

F. "Evidencing," or "referring," or "relating" means consisting of, embodying, summarizing, describing, mentioning, or in any way pertaining to.

G. "And" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests any information that otherwise might be construed to be outside the scope of any request.

H. "All" or "any" means "any and all.

I. To "describe in detail" means to provide with respect to any act, occurrence. transaction, event, statement, communication, or conduct (hereinafter collectively "act") all facts concerning any such act, including but not limited to a description of each act, the date and the location of the act, and the names and addresses of all persons involved.

Plaintiff's Request for Documents       - 2 -        Oscar Olive (Plaintiff) Parties
101 N. Ocean Drive Suite 132
Hollywood, FL 33019
850-319-9023

J.  As used herein, "identify," "identity," or "identification," when used in reference to:

   1.  A natural person, means to state that person's full name, home and business address, home and business telephone numbers, and present or last known position or business affiliation;
   2.  A firm, partnership, corporation, or any other person other than a natural person, means to describe the type of such entity, a corporation, partnership, etc, and the entity's full name, address, principal place of business, and telephone number;
   3.  A place, means to state to the fullest extent possible the street address, city, and state where the place is located; or
   4.  A document, means to state the date, author, addressee, number of pages, and type of document, e, g., letter, memorandum, telegram, contract, etc. If any document was, but no longer is, in your possession, custody, or control, state what disposition was made of the document and the reason for such disposition.

## <u>INSTRUCTIONS</u>

A.  You are required to make a diligent search of your records and of other papers and materials in your possession, custody, or control or otherwise available to you or your representatives, including your attorneys, accountants, and real estate brokers, to satisfy your obligation to respond fully and completely to these interrogatories.

B.  In the event you claim any form of privilege as to any interrogatory, or claim that disclosure of any information called for in response to these interrogatories would reveal a trade secret or other form of information that you claim merits protection under the law other than privilege, you are requested to identify the statement, document, communication, or information by its date, all author(s), all recipient(s), and all other persons who have knowledge of the privileged or protected information, document or subject matter, and the general nature of the information, document or subject matter without disclosing any claimed privileged or protected information, and the nature of the privilege or protection claimed. You are further requested to state whether you will permit in camera inspection by the Court to determine the validity and appropriateness of such claim of privilege or protection.

C.  In the event you claim any burden or oppression as to any information called for by any interrogatory, state the reason for such claim, the number of files and/or the documents that need to be searched to respond, their location, the time claimed by you to be required to respond to the interrogatory, and the cost (in dollars) of same.

D.  These interrogatories are continuing in nature, and you are therefore required to file supplemental answers if you obtain further or different information requested herein that

Plaintiff's Request for Documents          - 3 -          Oscar Olive (Plaintiff) Parties
101 N. Ocean Drive Suite 132
Hollywood, FL 33019
850-319-9023

1    was not available, known, or otherwise furnished at the time your answers to these
2    interrogatories were served.

3    E.  In each of your responses to these interrogatories, you are requested to provide all
4        information within your possession, custody, or control. In the event that you provide
5        only a portion of the information called for by any particular interrogatory, please state
     the reason(s) for your inability or refusal to provide the remainder of the information
     requested.

6    F.  If, in responding to these interrogatories, Defendant elects to avail itself of the procedure
7        authorized by Federal Rule of Civil Procedure 33, Plaintiff requests that for each
8        interrogatory so answered, Defendant specify the particular document or documents by
     production number from which the answer may be derived or ascertained.

9    G.  If Defendant does not answer any interrogatory in full, please state the precise reason for
10       failing to do so. If a legal objection is made, please set forth the specific nature of the
11       grounds for that objection.

12   H.  If only a portion of any interrogatory will not be answered, please provide a complete
13       answer to the remaining portion of the interrogatory and state the reasons or grounds for
14       Defendant's inability or refusal to complete the answer. If an interrogatory can be
15       answered only in part on the basis of information available at the time of the response,
16       please provide an answer on the basis of that information, indicate that Defendant's
     answer is so limited and provide a further response when further information becomes
     available.

17   I.  If Defendant learns at any time that any response to any of these interrogatories is
18       incomplete or incorrect, Plaintiffs request that Defendant immediately serve amended
19       responses that are complete and correct pursuant to Rule 33 of the Federal Rules of Civil
     Procedure.

20   J.  If Defendant finds the meaning of any term in these interrogatories unclear, Defendant
21       shall assume a reasonable meaning, state what the assumed meaning is and respond to the
22       interrogatory according to the assumed meaning.

23
24   **<u>DOCUMENT REQUESTS</u>**

25   Plaintiffs request that the following documents be produced for inspection and copying:

26   1.  All documents identified in, or relied upon to prepare, your responses to Plaintiffs First
27       Set of Interrogatories to defendant.

28   Plaintiff's Request for Documents          - 4 -          Oscar Olive (Plaintiff) Parties
                                                              101 N. Ocean Drive Suite 132
                                                              Hollywood, FL 33019
                                                              850-319-9023

2. All documents evidencing, relating or referring to any messages with anyone on Facebook Messenger regarding Oscar Lee Olive IV (aka Lee Richardson).

3. All documents evidencing, relating or referring to any text messages with anyone regarding Oscar Lee Olive IV (aka Lee Richardson).

4. All documents evidencing, relating or referring to any phone calls with anyone regarding Oscar Lee Olive IV (aka Lee Richardson).

5. All documents evidencing, relating or referring to any Emails with anyone regarding Oscar Lee Olive IV (aka Lee Richardson).

6. All documents evidencing, relating or referring to any postings and videos on your or Hayley Robinson's Facebook regarding Oscar Lee Olive IV (aka Lee Richardson).

7. All documents evidencing, relating or referring to the interview with NCIS on Oct. 7, 2016 regarding Oscar Lee Olive IV (aka Lee Richardson).

8. All documents evidencing, relating or referring to Lt. William Bateman, Capt. Anson Howard and 1st Lt. Shannon Hillery regarding the accusation of sexual assault by Oscar Lee Olive IV (aka Lee Richardson).


Dated: January 25, 2019                         Respectfully submitted,




By:   _____

        Oscar Lee Olive, IV

        Plaintiff, In Pro Per

        Oscar.L.Olive@gmail.com

        (850) 319-9023



Plaintiff's Request for Documents          - 5 -              Oscar Olive (Plaintiff) Parties
                                                             101 N. Ocean Drive Suite 132
                                                             Hollywood, FL 33019
                                                             850-319-9023

1
2
3
4
5
6
7                                                                        Hon. Brian A Tsuchida
8
9                          UNITED STATES DISTRICT COURT
10                        WESTERN DISTRICT OF WASHINGTON
11                                   AT SEATTLE
12                                              )
13   OSCAR LEE OLIVE, IV., an individual        )          **Docket No.  2:18-cv-00862-BAT**
                                                )
14              Plaintiff,                      )
15          vs.                                 )
                                                )
16   HAYLEY MARIE ROBINSON, an                  )
     individual,                                )
17                                              )
18              and                             )
     JUSTUS KEPEL, an individual, and Does      )
19   1-20 inclusive                             )
20                                              )
                                                )
21              Defendants.                     )
22                                              )
                                                )
23   _____)
24   <u>**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS FROM DEFENDANT**</u>
25   Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Oscar Olive ("Mr. Olive")
26   hereby serve this First Set of Requests for admission on Defendant Justus Kepel ("Mr. Kepel").
27
28   Plaintiff's Request for Admissions        - 1 -          Oscar Olive (Plaintiff) Parties
                                                              101 N. Ocean Drive Suite 132
                                                              Hollywood, FL 33019
                                                              850-319-9023

Mr. Kepel is hereby requested to answer these admissions in writing under oath no later than 30 days from the date of service hereof.

**DEFINITIONS**

A. "Plaintiffs" means the named plaintiff Oscar Lee Olive IV.

B. The term "Profile(s)" means any online account that requires a email address to create and log into.

C. Document" is used in the broadest sense consistent with the definition set forth in Fed. R. Civ. P. 34(a). The term "document" includes, without limitation, physical objects and things, such as research and development samples, prototype devices, production samples and the like, as well as hard copies and electronic copies of computer production software, computer files and electronic mail (email). A draft, translation or non-identical copy is a separate document within the meaning of this term.

D. "Communication" means any transmission, exchange or making known of information or thoughts by oral, written, electronic, pictorial or other means, including, but not limited to, personal conversations, conferences, telephone conversations, memoranda, correspondence, voice mail, email, handwritten or typed notes, reports, and publications, and shall include any means of conveying a message from one or more persons to one or more persons, and shall be given the broadest possible interpretation.

E. "Person" means any natural person, as well as any organization or entity. including but not limited to corporations, associations, partnerships, limited liability companies, joint ventures, firms, organizations, or governmental agencies or bodies.

F. "Evidencing," or "referring," or "relating" means consisting of, embodying, summarizing, describing, mentioning, or in any way pertaining to.

G. "And" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests any information that otherwise might be construed to be outside the scope of any request.

H. "All" or "any" means "any and all.

I. To "describe in detail" means to provide with respect to any act, occurrence. transaction, event, statement, communication, or conduct (hereinafter collectively "act") all facts concerning any such act, including but not limited to a description of each act, the date and the location of the act, and the names and addresses of all persons involved.

Plaintiff's Request for Admissions          - 2 -                    Oscar Olive (Plaintiff) Parties
                                                                     101 N. Ocean Drive Suite 132
                                                                     Hollywood, FL 33019
                                                                     850-319-9023

J.  As used herein, "identify," "identity," or "identification," when used in reference to:

    1.  A natural person, means to state that person's full name, home and business address, home and business telephone numbers, and present or last known position or business affiliation;

    2.  A firm, partnership, corporation, or any other person other than a natural person, means to describe the type of such entity, a corporation, partnership, etc, and the entity's full name, address, principal place of business, and telephone number;

    3.  A place, means to state to the fullest extent possible the street address, city, and state where the place is located; or

    4.  A document, means to state the date, author, addressee, number of pages, and type of document, e, g., letter, memorandum, telegram, contract, etc. If any document was, but no longer is, in your possession, custody, or control, state what disposition was made of the document and the reason for such disposition.

## **INSTRUCTIONS**

A.  You are required to make a diligent search of your records and of other papers and materials in your possession, custody, or control or otherwise available to you or your representatives, including your attorneys, accountants, and real estate brokers, to satisfy your obligation to respond fully and completely to these interrogatories.

B.  In the event you claim any form of privilege as to any interrogatory, or claim that disclosure of any information called for in response to these interrogatories would reveal a trade secret or other form of information that you claim merits protection under the law other than privilege, you are requested to identify the statement, document, communication, or information by its date, all author(s), all recipient(s), and all other persons who have knowledge of the privileged or protected information, document or subject matter, and the general nature of the information, document or subject matter without disclosing any claimed privileged or protected information, and the nature of the privilege or protection claimed. You are further requested to state whether you will permit in camera inspection by the Court to determine the validity and appropriateness of such claim of privilege or protection.

C.  In the event you claim any burden or oppression as to any information called for by any interrogatory, state the reason for such claim, the number of files and/or the documents that need to be searched to respond, their location, the time claimed by you to be required to respond to the interrogatory, and the cost (in dollars) of same.

D.  These interrogatories are continuing in nature, and you are therefore required to file supplemental answers if you obtain further or different information requested herein that

Plaintiff's Request for Admissions      - 3 -      Oscar Olive (Plaintiff) Parties
101 N. Ocean Drive Suite 132
Hollywood, FL 33019
850-319-9023

was not available, known, or otherwise furnished at the time your answers to these interrogatories were served.

E.   In each of your responses to these interrogatories, you are requested to provide all information within your possession, custody, or control. In the event that you provide only a portion of the information called for by any particular interrogatory, please state the reason(s) for your inability or refusal to provide the remainder of the information requested.

F.   If, in responding to these interrogatories, Defendant elects to avail itself of the procedure authorized by Federal Rule of Civil Procedure 33, Plaintiff requests that for each interrogatory so answered, Defendant specify the particular document or documents by production number from which the answer may be derived or ascertained.

G.   If Defendant does not answer any interrogatory in full, please state the precise reason for failing to do so. If a legal objection is made, please set forth the specific nature of the grounds for that objection.

H.   If only a portion of any interrogatory will not be answered, please provide a complete answer to the remaining portion of the interrogatory and state the reasons or grounds for Defendant's inability or refusal to complete the answer. If an interrogatory can be answered only in part on the basis of information available at the time of the response, please provide an answer on the basis of that information, indicate that Defendant's answer is so limited and provide a further response when further information becomes available.

I.   If Defendant learns at any time that any response to any of these interrogatories is incomplete or incorrect, Plaintiffs request that Defendant immediately serve amended responses that are complete and correct pursuant to Rule 33 of the Federal Rules of Civil Procedure.

J.   If Defendant finds the meaning of any term in these interrogatories unclear, Defendant shall assume a reasonable meaning, state what the assumed meaning is and respond to the interrogatory according to the assumed meaning.

## ADMISSIONS

1.   Admit that on Facebook.com you had a profile under the name Justus Keppel.

2.   Admit that on July 13, 2016 you allowed Hayley Marie Robinson to use your Facebook.com profile to share a live video where she claims NCIS took Oscar Lee Olive

Plaintiff's Request for Admissions          - 4 -          Oscar Olive (Plaintiff) Parties
101 N. Ocean Drive Suite 132
Hollywood, FL 33019
850-319-9023

IV's (also known on Facebook as Lee Richardson) property from him at his home and that he was under investigation by Military and Civilian authorities for Sexual Assault and Assault.

3.  Admit that on Oct. 7, 2016 you gave a video recorded statement to NCIS agents in Washington State in regards to eye witnessing Oscar Lee Olive IV (also known on Facebook as Lee Richardson) sexually assaulting Kierstin Klag.

4.  Admit that in the video recorded statement to NCIS you admitted to being intoxicated during the witnessing of this alleged sexual assault.

5.  Admit that in the video recorded statement to NCIS that you stated "It's a little difficult to gauge how much drinking had occurred that night".

6.  Admit that in the video recorded statement to NCIS that you stated "You and Hayley were so intoxicated that neither one of you would have been able to drive the night of the alleged sexual assault you witnessed".

Dated: January 25, 2019                          Respectfully submitted,

By:   _____

Oscar Lee Olive, IV

Plaintiff, In Pro Per

Oscar.L.Olive@gmail.com

(850) 319-9023

Plaintiff's Request for Admissions          - 5 -                Oscar Olive (Plaintiff) Parties
                                                                 101 N. Ocean Drive Suite 132
                                                                 Hollywood, FL 33019
                                                                 850-319-9023

# EXHIBIT "B"



★ Alan Middleton

RE: Discovery requests

To:  Oscar Olive

📧 Inbox - Oscar.l.olive     March 22, 2019 at 2:25 PM     AM

🛡 Siri found new contact info in this email: Alan Middleton alanscottmiddleton@comcast.net       add to Contacts...  ⊗

Mr. Olive, you served the discovery requests by mailing them on February 28.
Under FRCP 6, the time for responding is extended by three days.  33 days
from February 28 is April 2.  And yes, I anticipate getting responses to you
by April 2.

Alan S. Middleton
Law Offices of Alan S. Middleton PLLC
10605 SE 240th St. PMB 444
Kent, WA 98031
Tel (206) 533-0490
alanscottmiddleton@comcast.net
www.alanmiddletonlaw.com


-----Original Message-----
From: Oscar Olive <oscar.l.olive@gmail.com>
Sent: Friday, March 22, 2019 7:54 AM
To: alanscottmiddleton@comcast.net
Subject: Discovery requests

Good morning Mr. Middleton,

Will you have the interrogatories completed by the 30 day deadline (March
29, 2019)?

Please let me know if this will be completed for your client Mr. Kepel.

Oscar Olive