# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

OSCAR LEE OLIVE, IV,

           Plaintiff,

   v.

HAYLEY MARIE ROBINSON, JUSTUS KEPEL,

           Defendants.

CASE NO. 2:18-cv-00862-BAT

**ORDER GRANTING MOTION FOR SANCTIONS**

Plaintiff Oscar Lee Olive requests the imposition of monetary sanctions against Defendants Hayley Marie Robinson and Justus Kepel for failure to respond or file objections to his requests for interrogatories, requests for production, and requests for admission. Dkt. 47. The Court re-noted the motion for consideration on June 21, 2019, and ordered Defendants Robinson and Kepel to show cause by June 17, 2019 as to why this Court should not impose sanctions against them. Dkt. 48. Defendants did not respond to the Court's Order to Show Cause.

Due to Defendants' complete disregard of discovery procedures and this Court's orders, Plaintiff's motion for sanctions shall be granted, in part, as detailed herein.

## RELEVANT PROCEDURAL BACKGROUND

On June 12, 2018, Plaintiff filed his complaint alleging that Defendants Robinson and Kepel committed a series of defamatory publications that were knowingly false when made, that they intended to harm him, and caused him to suffer financial and emotional injuries in excess of

ORDER GRANTING MOTION FOR
SANCTIONS - 1

$1.5 million. Dkt. 4. Defendants filed their answers to the complaint on September 19, 2019 (Dkts. 19 and 20) and submitted a Joint Status Report on October 9, 2018. Dkt. 23. Defendant Robinson is proceeding *pro se*. Defendant Kepel is represented by Attorney Alan S. Middleton. *Id*., p. 6. Pursuant to the parties' Joint Status Report, the Court set the pretrial deadlines, including a discovery deadline of April 5, 2019. Dkt. 25. The dispositive motions deadline of May 3, 2019, has already passed and the parties' next deadlines are on June 21, 2019 and June 28, 2019, when pretrial statements are to be filed. *Id*.

On January 28, 2019, Plaintiff sent interrogatories, requests for admission, and requests for production to Defendant Robinson on January 28, 2019, and despite several follow-ups, Defendant Robinson failed to respond or object to the discovery requests. In their last communications on February 27, 2019 and March 3, 2019, Defendant Robinson promised to send her responses by March 8, 2019. Dkt. 35, Exs. B and C. On April 1, 2019, Plaintiff filed a motion to compel after Defendant Robinson failed to send her responses. Dkt. 35, Ex. A; Dkt. 36. Defendant Robinson filed no reply to the motion.

On February 28, 2019, Plaintiff sent interrogatories, requests for admission, and requests for production to Defendant Kepel. On March 22, 2019, Defendant Kepel's attorney, Alan Middleton, assured Plaintiff that he would send the required discovery requests by April 2, 2019. Dkt. 37, Ex. B. On April 4, 2019, Plaintiff filed a motion to compel after Defendant Kepel failed to send his responses. Dkt. 38; Dkt. 37, Ex. A. Defendant Kepel filed no reply to the motion.

On April 23, 2019, the Court granted Plaintiff's motions to compel (Dkts. 36 and 38) and ordered Defendants Robinson and Kepel to send their discovery responses to Plaintiff by April 30, 2019. Dkt. 39. The Court warned the parties that failure to comply with the Order could result in further just orders pursuant to Fed. R. Civ. P. 37(b)(2). *Id.*, p. 2.

On June 6, 2019, Plaintiff filed a motion for sanctions, stating that as of June 6, 2019, both Defendants have failed to comply with the Court's Order. Dkt. 47. Although the Court gave Defendants an opportunity to show cause why sanctions should not be imposed (Dkt. 48), neither party responded to the Court's Order.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A), a Court may "on motion, order sanctions if: … (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." When a party fails to satisfy either subsection of Rule 37(d)(1)(A), a court may impose sanctions on the non-compliant party, and order that: (1) the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; (2) the disobedient party is not allowed to support or oppose designated claims or defenses, or is prohibited from introducing designated matters in evidence; (3) pleadings or parts thereof be stricken, or that further proceedings are stayed until the order is obeyed, or the action or proceeding or any part thereof be dismissed, or judgment by default be entered against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). If a party fails to properly respond to a request for admission within 30 days after being served, the truth of matters contained in the written request shall be deemed admitted. Fed. R. Civ. P. 36(a)(3).

In determining whether to impose default as a sanction for violation of Rule 37, courts must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The Ninth Circuit has further established three subparts to the fifth factor, "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Case terminating sanctions should be reserved for a showing of willfulness, bad faith, or fault by the non-responding party. *Id*.

"'Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault.'" *See United States v. Am. Black Bears*, 244 Fed.Appx. 828, 830 (9th Cir. 2007) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir.2003) (quoting *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir.1994)). Disobedient conduct occurs where the noncompliant party fails to "…demonstrate that production ... would be impossible, or that production of the documents would subject him to civil or criminal sanctions." *Jorgensen*, 320 F.3d at 912; *see also*, *Virtual Vision, Inc. v. Praegitzer Indus., Inc.*, 124 F.3d 1140, 1143–44 (9th Cir.1997) ("Where the record evidence clearly demonstrates that the 'disobedient conduct' was not 'outside the control of the litigant,' a sanction of striking the claim, default judgment, or both, is warranted.")

A review of the foregoing factors demonstrates that sanctions are appropriate here.

**A.     Public's Interest in Expeditious Resolution**

In most cases, this factor imposition of sanctions because the public's interest in expeditious resolution of litigation is not served by allowing this suit "to continue in a quagmire of inaction." *Valencia v. Sharp Elecs. Corp*., 561 Fed.Appx. 591, 594-95 (9th Cir. 2014). This case is no different. It has been pending for a year and Defendants' failure to engage in the discovery process has essentially brought this litigation to a halt, thereby preventing Plaintiff

from filing a dispositive motion or presenting evidence at trial. This factor favors imposition of sanctions.

**B.      Court's Need to Manage Docket**

For the same reasons as stated above, Defendants' continued failures to respond to this Court's orders have impaired the Court's ability to efficiently manage its docket and therefore, also favors imposition of sanctions against Defendants. *Wanderer*, 910 F.2d at 656; *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.

**C       Risk of Prejudice to Plaintiff**

The prejudice to Plaintiff as a result of Defendants' failure to participate in the discovery process is clear. Plaintiff is being prevented from proceeding in this litigation. Defendants filed their answers and then effectively ceased responding to Plaintiff.[1] Because of this, Plaintiff cannot move forward with his litigation or file any dispositive motions. Additionally, Plaintiff has been forced to bear the cost of filing multiple motions. Thus, the prejudice suffered by Plaintiff goes beyond mere delay as the Defendants' failure to participate in the litigation has essentially ground the matter to a halt and is interfering with Plaintiff's ability to pursue his case. *Wanderer*, 910 F.2d at 656. Accordingly, the third factor favors an imposition of sanctions against Defendants.

**D.      Public Policy Favoring Disposition of Cases on Their Merits**

Under the fourth factor, the Court must consider the public policy favoring the disposition of cases on the merits. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. This factor always

---

[1] The Court is aware that Defendant Kepel engaged in a mediation with Plaintiff on May 14, 2019, while Defendant Robinson refused to participate. Dkt. 45, p. 2. Nevertheless, Defendant Kepel continues to ignore this Court's discovery orders.

ORDER GRANTING MOTION FOR
SANCTIONS - 5

weighs against dismissal. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, (788) (9th Cir. 2011) (citation omitted).

### E. Availability of Less Drastic Sanctions

The fifth factor asks the court to assess the availability of lesser sanctions including whether the court considered lesser sanctions, whether it used lesser sanctions, and whether it warned the party of the possibility that its case could be terminated. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. On August 8, 2018, the parties were specifically advised that failure to adhere to the Court's deadlines "may result in sanctions, up to and including dismissal." Dkt. 16. On April 23, 2019, Defendants were warned that their failure to send their discovery responses could result in "further just orders" pursuant to Fed. R. Civ. P. 37(b)(2). And, on June 7, 2019, Defendants were ordered to show cause why the Court should not impose sanctions on them, "including monetary sanctions or other just orders, which may include holding Defendants in contempt of court, rendering a default judgment against them, and ordering Defendants to pay Plaintiff's reasonable expenses caused by their failure to comply." Dkt. 48, p. 2.

"Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, ... dismissal of the suit unless new counsel is secured [,] ... preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel...." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n. 1 (9th Cir.1987) (citation and internal quotation omitted). Where a party "has purposefully and defiantly violated a court order it is unnecessary (although still helpful) for a court to discuss why alternatives to dismissal are infeasible." *Id.* at 132. In addition, case law suggests that warning a party that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives"

requirement. *Id.* at 132-133 (and cases cited therein).

Due to Defendants' complete failure to respond to the Court's orders (and knowledge that this Court has been considering terminating sanctions), this last factor weighs in favor of the imposition of sanctions, including entry of a default judgment against both Defendants. *See Volcan Group, Inc. v. Omnipoint Commc'ns, Inc.*, 552 Fed.Appx. 644, 646 (9th Cir. 2014) (finding that the fifth factor weighed in favor of dismissal when plaintiff was aware the court was considering terminating sanctions). Although the Court doubts that less severe sanctions are feasible, it concludes that the imposition of a lesser sanction as detailed below shall first be imposed before terminating sanctions are issued.

**F.     Willfulness, Bad Faith, Fault**

Finally, the Court finds that Defendants' actions indicate willfulness, bad faith, and fault. Defendants offer no excuse for their failure to meaningfully participate in discovery nor have they indicated an intent to participate going forward. "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (citing *Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1341 (9th Cir. 1985)). The record reflects that both Defendants were aware of the discovery requests and in fact, each promised (but failed) to provide Plaintiff with responses to his requests. Thus, there is no possibility that Defendants are unaware of their pending discovery obligations and the Court is left to conclude that their continued failure to comply is willful.

**CONCLUSION**

Considering that four of the five factors have been met in this case, the Court finds sanctions under Rule 37(b)(2) are appropriate for Defendants' continued failure to respond to

Plaintiff's discovery requests and for their willful disobedience of this Court's orders.

Accordingly, it is **ORDERED:**

1) Plaintiff's motion for sanctions (Dkt. 47) is **GRANTED as follows:** Defendants Hayley Marie Robinson and Justus Kepel shall **each** pay the amount of $500.00 to Plaintiff and provide all discovery responses previously ordered to Plaintiff **by June 24, 2019**;

2) Failure by Defendants to pay the ordered sanctions and produce the ordered discovery responses by the deadline of June 24, 2019, **shall result in the immediate entry of an order of default against either or both of them**.

3) The Clerk shall send a copy of this Order to all parties and counsel.

DATED this 18th day of June, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge