UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OSCAR LEE OLIVE, IV,

    Plaintiff,

v.

HAYLEY MARIE ROBINSON, JUSTUS KEPEL,

    Defendants.

CASE NO. 2:18-cv- 00862-BAT

**ORDER STAYING CASE AS TO DEFENDANT ROBINSON ONLY**

On June 6, 2019, Plaintiff filed a motion requesting the Court impose sanctions against both Defendants for their failure to comply with the Court's order granting plaintiff's motion to compel discovery. Dkt. 47. Defendants failed to comply with the Court's order and on June 7, 2019, the Court ordered both Defendants to show cause, by June 17, 2019, why sanctions including entry of default should not be ordered. Dkt. 48. Both Defendants failed to respond to the Court's show cause order and the Court consequently granted Plaintiff's motion for sanctions, on June 18, 2019. Dkt. 49.

After the Court granted Plaintiff's motion for sanctions, an attorney stating he represented Defendant Hayley Marie Robinson in a bankruptcy proceeding called the Clerk of Court. This attorney indicated he had served Plaintiff, herein, with notice of Defendant Robinson's bankruptcy. A review of the Bankruptcy Court's records shows that on May 7, 2019, Defendant Hayley Marie Robinson filed a Chapter 7 Voluntary Petition for Bankruptcy in the

ORDER STAYING CASE AS TO
DEFENDANT ROBINSON ONLY - 1

United States Bankruptcy Court for the Western District of Washington (Case No. 19-11724-MLB).

The Court thus ordered Plaintiff to file a status report. Dkt. 50. Plaintiff filed a status report and averred that neither defendant had complied with the Court's order to provide discovery and pay plaintiff $500.00 for violating the Court's discovery order. Plaintiff also indicated that on June 25, 2019, the Chapter Seven Trustee informed him that Defendant Robinson had filed for Chapter 7 bankruptcy. *Id.*

Both Plaintiff and Defendant Robinson have an affirmative duty to inform this Court of matters that directly affect the lawsuit before the Court. Clearly, both Plaintiff and Defendant Robinson knew, or should have known, a bankruptcy proceeding can have a direct impact on the civil lawsuit before this Court. But despite this, the Court was not informed until after the Court imposed sanctions on Defendant Robinson that she had filed for bankruptcy. Because Defendant Robinson's bankruptcy proceedings imposes an automatic statutory stay as to her, alone, the Court **ORDERS:**

1. This case is **STAYED** as to Defendant Robinson **only**, pending resolution of her bankruptcy proceedings. All pending deadlines and the Court's order of sanctions (Dkt. 49) are stayed as to Defendant Robinson **only.** Due to the projected length of the bankruptcy proceedings, the Court strikes the current trial date of August 5, 2019. The stay is inapplicable to Defendant Kepel, and the Court's order for sanctions against him stands.

2. Plaintiff and Defendant Robinson are **ORDERED** to file a joint status report on the progress of Defendant's bankruptcy proceedings every **120 days** from the date of this Order. If the bankruptcy proceedings are terminated or concluded at an intervening time between each 120 day reporting period, Plaintiff and Defendant Robinson shall immediately submit a status

report.

3. The Clerk shall send a copy of this Order to all parties and counsel of record, and to the Bankruptcy Judge who is presiding over Defendant Robinson's Bankruptcy proceeding.

DATED this 27th day of June, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER STAYING CASE AS TO
DEFENDANT ROBINSON ONLY - 3