UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSCAR LEE OLIVE, IV,<br><br>      Plaintiff,<br><br> v.<br><br>HAYLEY MARIE ROBINSON, JUSTUS KEPEL,<br><br>      Defendants. | CASE NO. 2:18-cv-00862-BAT<br><br>**ORDER OF DEFAULT AS TO DFENDANT JUSTUS KEPEL ONLY AND SETTING BRIEFING SCHEDULE** |

  Defendant Justus Kepel is hereby held to be in default pursuant to Fed. R. Civ. P. 37(b)(2)(A), for his willful failure to respond to proper discovery requests and to this Court's orders that he pay $500 for violating the Court's discovery order and also provide complete discovery no later than June 24, 2019. *See* 49. By separate order, the Court has stayed proceedings against Defendant Robinson pending resolution of her recently initiated Bankruptcy Proceedings, in the United States Bankruptcy Court for the Western District of Washington, Case No. 19-11724-MLB.

  The parties are accordingly directed to submit briefing and affidavits so that the Court may determine damages before entering final judgment against Defendant Kepel. Plaintiff's opening brief and supporting affidavits are due on July 18, 2019. Any response by Defendant Kepel is due no later than August 1, 2019. Plaintiff's optional reply is due no later than August 8, 2019. The Clerk shall note the matter for August 9, 2019.

ORDER OF DEFAULT AS TO DFENDANT
JUSTUS KEPEL ONLY AND SETTING
BRIEFING SCHEDULE - 1

## RELEVANT PROCEDURAL BACKGROUND

On June 12, 2018, Plaintiff filed his complaint alleging Defendants Robinson and Kepel committed a series of defamatory publications that were knowingly false when made, that they intended to harm him, and caused him to suffer financial and emotional injuries in excess of $1.5 million. Dkt. 4. Plaintiff's amended complaint was filed on July 30, 2018. Dkt. 11. Defendants filed their answers to the amended complaint on September 19, 2019 (Dkts. 19 and 20) and submitted a Joint Status Report on October 9, 2018. Dkt. 23. Defendant Robinson is proceeding *pro se*. Defendant Kepel is represented by Attorney Alan S. Middleton. *Id*., p. 6. Pursuant to the parties' Joint Status Report, the Court set the pretrial deadlines, including a discovery deadline of April 5, 2019. Dkt. 25. The dispositive motions deadline of May 3, 2019, has expired. The Court also ordered plaintiff and defendants file their respective pretrial statements no later than June 21, 2019 and June 28, 2019. *Id*. A jury in the matter was set for August 5, 2019.

On February 28, 2019, Plaintiff sent interrogatories, requests for admission, and requests for production to Defendant Kepel. On March 22, 2019, Defendant Kepel's attorney, Alan Middleton, assured Plaintiff that he would send the required discovery requests by April 2, 2019. Dkt. 37, Ex. B. On April 4, 2019, Plaintiff filed a motion to compel after Defendant Kepel failed to send his responses. Dkt. 38; Dkt. 37, Ex. A. Defendant Kepel filed no reply to the motion.

On April 23, 2019, the Court granted Plaintiff's motions to compel (Dkts. 36 and 38) and ordered Defendant Kepel to send his discovery responses to Plaintiff by April 30, 2019. Dkt. 39. The Court warned that failure to comply with the Order could result in further just orders pursuant to Fed. R. Civ. P. 37(b)(2). *Id.*, p. 2.

On June 6, 2019, Plaintiff filed a motion for sanctions, stating that as of June 6, 2019,

1  Defendant Kepel had not complied with the Court's Order. Dkt. 47. Although the Court gave

2  Defendant an opportunity to show cause why sanctions should not be imposed (Dkt. 48), he did

3  not respond to the Court's Order.

4       On June 18, 2019, the Court found that sanctions against Defendant Kepel were

5  warranted due to his continued failure to respond to Plaintiff's discovery requests and for willful

6  disobedience of this Court's orders. The Court ordered Defendant Kepel to pay sanctions of

7  $500.00 and to produce all discovery responses previously ordered by June 24, 2019. Dkt. 49,

8  pp. 4-8.

9       On June 25, 2019, the Court ordered plaintiff to provide a status report addressing

10 Defendants compliance with the Court's order for sanctions. Dkt. 50. Plaintiff filed a status

11 report on June 26, 2019, averring that neither defendant complied with the Court's order. *Id.*

## DISCUSSION

13      In determining whether to impose default as a sanction for the failure to respond to

14 discovery requests and for willful disobedience of court orders, a court must consider: "(1) the

15 public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets;

16 (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring

17 disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer*

18 *v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The Ninth Circuit has further established three

19 subparts to the fifth factor, "whether the court has considered lesser sanctions, whether it tried

20 them, and whether it warned the recalcitrant party about the possibility of case-dispositive

21 sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th

22 Cir. 2007). Case terminating sanctions should be reserved for a showing of willfulness, bad faith,

23 or fault by the non-responding party. *Id*. Disobedient conduct occurs where the noncompliant

party fails to "…demonstrate that production ... would be impossible, or that production of the documents would subject him to civil or criminal sanctions." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir.2003); *see also*, *Virtual Vision, Inc. v. Praegitzer Indus., Inc.*, 124 F.3d 1140, 1143–44 (9th Cir.1997).

After having thoroughly analyzed the foregoing factors (which analysis will not be repeated here), the Court concluded that sanctions, including terminating sanctions, were warranted. Dkt. 49. Rather than issue terminating sanctions at that time however, the Court issued the lesser sanction of the $500 payment and another deadline to submit discovery responses. *Id.* Defendant Kepel has failed to comply with these lesser sanctions.

"The most critical factor to be considered in case dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Conn. Gen. Life Co.*, 482 F.3d at 1097. Due to Defendant Kepel's refusal to provide discovery, and continued willful disobedience of the Court's orders, Plaintiff has no other means of accessing the true facts in this case. In 2018 the Court set a trial date of August 5, 2019. Since then Defendant Kepel has prevented Plaintiff from pursuing his own case by failing to provide requested discovery. This places Plaintiff in the position of going to trial without the ability to present all of the facts to the jury. The Court therefore concludes Plaintiff has been prejudiced, that there are no further lesser sanctions that can be imposed, and that it is therefore appropriate to enter an order of default against Defendant Kepel.

Accordingly, it is **ORDERED:**

1) The Court directs entry of default against Defendant Justus Kepel. The proceedings against Defendant Robinson has been stayed by separate order.

2) The Clerk shall strike the trial date that is currently set for August 5, 2019.

ORDER OF DEFAULT AS TO DFENDANT
JUSTUS KEPEL ONLY AND SETTING
BRIEFING SCHEDULE - 4

3) The parties shall submit briefs and supporting affidavits so the Court has a basis to determine what damages may be awarded. Plaintiff's opening brief and supporting affidavits are due on **July 18, 2019**. Any response by Defendant Kepel is due no later than **August 1, 2019**. Plaintiff's optional reply is due no later than **August 8, 2019.** The Clerk shall note the matter for **August 9, 2019**.

3) Because Plaintiff proceeds pro se, he should familiarize himself with Local Rules W.D. Wash. CR 55. The local rule requires among other things: a) Plaintiff submit a declaration and other evidence establishing his entitlement to a sum certain and to any other nonmonetary relief sought; and b) Plaintiff provide a concise explanation of how all amounts sought were calculated and must support the calculation with evidence.

4) The Clerk shall send a copy of this Order to all parties and counsel.

DATED this 27th day of June, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge