UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OSCAR LEE OLIVE, IV,

    Plaintiff,

v.

HAYLEY MARIE ROBINSON, JUSTUS KEPEL,

    Defendants.

CASE NO. 2:18-cv-00862-BAT

**ORDER DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL PROOF OF DAMAGES**

On June 27, 2019, the Court entered an Order of Default as to Defendant Justus Kepel only, and set a schedule for the parties to submit briefing and affidavits in support or opposition to Plaintiff's motion for entry of a default judgment against Defendant Kepel. Dkt. 53. Plaintiff submitted his brief, affidavits, and supporting documents. Dkt. 54. Defendant Kepel did not submit any briefing or respond in any way.

Based on the information submitted by Plaintiff, the Court is not able to determine whether the amount of damages Plaintiff claims is reasonable and demonstrated by the evidence. Therefore, the Court directs Plaintiff to submit additional proof, as outlined herein.

## DISCUSSION

Motions for entry of default judgment are governed by Federal Rule of Civil Procedure ("Fed .R. Civ. P.") 55(b), which provides that the Clerk of Court may enter default judgment

ORDER DIRECTING PLAINTIFF TO PROVIDE
ADDITIONAL PROOF OF DAMAGES - 1

when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). When the value of the claim cannot be readily determined, or when the claim is for non-monetary relief, the plaintiff must move the court for entry of default judgment. *Id*. at 55(b)(2). In such circumstances, the court has broad discretion to marshal any evidence necessary in order to calculate an appropriate award. *See id*. at 55(b)(2)(A)-(D).

Granting or denying relief is entirely within the court's discretion and thus, a defendant's default does not automatically entitle a plaintiff to a court ordered judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980). In addition to determining whether Plaintiff has appropriately proven the amount of damages he seeks, the Court considers the following factors in exercising its discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986) (the "Eitel factors").

At the default judgment stage, well-pleaded factual allegations are considered admitted and are sufficient to establish a defendant's liability, but allegations regarding the amount of damages must be proven. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977); *Microsoft Corp. v. Lopez*, 2009 WL 959219 (W.D.Wash.2009). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir.1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978)). The court must ensure that the amount of damages is reasonable and demonstrated by the evidence. *See* Fed. R. Civ. P. 55(b); *Getty Images (US),*

1 *Inc. v. Virtual Clinics*, 2014 WL 358412 (W.D.Wash.2014). Plaintiff is required to prove all damages sought in the complaint. In addition, "[a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]." Fed. R. Civ. P. 54(c). In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2).

In his Amended Complaint, Plaintiff requests general and special damages (including loss of past and future income, benefits, and pension), for past and future pain and suffering, and for the costs of this action. Dkt. 11, p. 7. In his Brief in Support of Default Judgment, Plaintiff has added a request for declaratory judgment (finding that Defendant Keppel engaged in conduct with malice, oppression, or fraud) and punitive damages in the amount of $500,000.00. Dkt. 54, p. 6. Because these additional damages are different in kind and exceed in amount that prayed for in Plaintiff's Amended Complaint, they will not be considered.

With regard to his defamation claim, Plaintiff asserts in a declaration that Defendant Kepel made false statements on Facebook "and other websites" on July 11, 2016, and that between July 5, 2016 through August 30, 2016, continued to publish known false statements to injure Plaintiff's reputation. Dkt. 54-1, p. 3. Further, on November 2, 2016 and November 3, 2016, Defendant Robinson stated on Facebook that she knew her allegations against Plaintiff were false, and that Defendants Robinson and Kepel posted no fewer than nine times on social media pages "such as Facebook," making false statements regarding Plaintiff. *Id.*, p. 3. However, Plaintiff has provided no supporting evidence of the "known false statements," *i.e.*, the Facebook or other website posts to support the merits of his substantive claim. He has also failed to meet his burden of proving damages related to this claim.

ORDER DIRECTING PLAINTIFF TO PROVIDE
ADDITIONAL PROOF OF DAMAGES - 3

Plaintiff alleges that Defendant Kepel's defamatory statements spread throughout the photographic community and caused Plaintiff to lose several business contracts worth approximately $24,383.00. In support, Plaintiff attaches copies of his business tax schedules showing business losses, but the losses are not identified. Plaintiff also has provided no evidence of the actual business contracts or other evidence showing that the contracts were lost due to the alleged defamation. *See* LCR 55(b)(2)(A) ("If the claim is based on a contract plaintiff shall provide the court with a copy of the contract and cite the relevant provisions.")

Plaintiff provides his affidavit, the affidavit of an accountant, and an "Administrative Discharge Board Report," in support of his claim that Defendant Kepel's defamatory statements resulted in Plaintiff's dishonorable discharge from the United States Marine Corps six years short of his retirement. The damages Plaintiff attributes to his discharge are in excess of $1 million ($249,726.00 income; $148,297.00 housing; and $719,418.00 pension). Plaintiff did not provide the supporting documents which provide the basis for his discharge. Dkt. 54-1, p. 10 ("facts and circumstances and supporting documents which are the basis of the board's findings and recommendations are in the record (enclosure (1))"). The discharge report itself contains no evidence that his discharge was in any way related to Plaintiff's defamation or intentional infliction of emotional distress claims. The accountant's affidavit is of little help in this regard as it merely multiplies the amounts Plaintiff contends he would have received during an additional six years in the military and for his retirement. Plaintiff must provide the underlying documents supporting his discharge before the Court may consider these claimed damages.

Plaintiff also requests $7,179.09 in medical bills and in support, has submitted a medical bill for "Emergency Eval & Mgmt" on February 27, 2019, in the amount of $1,708.00; and a medical bill for "CT-Head, Emer Room, IV Therapy, Laboratory, and Pharmacy on February 27,

ORDER DIRECTING PLAINTIFF TO PROVIDE
ADDITIONAL PROOF OF DAMAGES - 4

2019. These documents are not sufficient for the Court to determine whether in fact, the medical bills are related to Plaintiff's claims of defamation and intentional infliction of emotional distress. Plaintiff must provide the underlying documents supporting these medical bills if he wishes them to be considered.

Because Plaintiff is proceeding *pro se*, the Court has determined that additional time is warranted for Plaintiff to support his damage claims with sufficient proof that will allow the Court to determine whether, in the circumstances, the amounts he claims are fair, reasonable, and related to his claims.

Accordingly, it is **ORDERED**:

(1) Plaintiff shall provide the Court with additional proof of his claimed damages no later than **August 30, 2019**. Any response by Defendant Kepel is due no later than **September 13, 2019**. Plaintiff's optional reply is due no later than **September 19, 2019**.

(2) The Clerk shall **note** Plaintiff's motion for default judgment (Dkt. 54) for **September 20, 2019**, and **strike** the August 9, 2019 noting date of the Court's Order (Dkt. 53).

DATED this 9th day of August, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DIRECTING PLAINTIFF TO PROVIDE
ADDITIONAL PROOF OF DAMAGES - 5