# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

OSCAR LEE OLIVE, IV,

    Plaintiff,

v.

HAYLEY MARIE ROBINSON,

    Defendant.

CASE NO. 2:18-cv-00862-BAT

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DAMAGES**

Plaintiff Oscar Lee Olive, IV seeks a motion for damages related to the remaining nondischargeable claim of defamation (*see* Dkt. 71 (Order dated April 20, 2021). Dkt. 72. Plaintiff seeks an award of $63,203.00 as his "combined loss of income, both earned and loss of business as a result of Defendant's" defamatory Facebook posting. *Id.*

Although Defendant Robinson was provided notice of the pending motion and given an opportunity to respond, she has failed to do so. After carefully reviewing Plaintiff's motion and supporting documents, the Court finds that Plaintiff's motion should be granted in part and denied in part.

## BACKGROUND

On June 29, 2019, the Court stayed this case as to Defendant Hayley Marie Robinson pending resolution of Defendant Robinson's bankruptcy proceedings in Case No. 19-11724-MLB. Dkt. 52. The parties were directed to submit a status report at the conclusion of the bankruptcy proceedings. *Id.* On April 17, 2021, Plaintiff Oscar Lee Olive filed a status report,

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
FOR DAMAGES - 1

attaching the Order and transcript from the trial held on November 16, 2020 and November 30, 2020 before the Honorable Marc Barreca, United States Bankruptcy Court Chief Judge. Dkt. 70, Ex. 1 (pp. 4-29) (Order and January 7, 2021 Oral Decision).

Judge Barreca held, in pertinent part, that Plaintiff failed to establish claims of (1) false allegations of assault and theft; (2) intentional infliction of emotional distress; and (3) damage to his military career and that therefore, these claims are dischargeable pursuant to 11 U.S.C. § 523(a)(6). Judge Barreca further held that Plaintiff's remaining claim of defamation for statements made by Defendant Robinson on July 11, 2016 in the "first Facebook video accusing Plaintiff of sexually assaulting Ms. Klag" is nondischargeable pursuant to 11 U.S.C. §523(a)(6) and is ready for a determination of damages. Dkt. 70, p. 4; *see also* Dkt. 11, ¶ 10 (Amended Complaint).

On April 20, 2021, the Court lifted the stay in this case as to the one nondischargeable claim of defamation for statements made by Defendant Robinson in the "first Facebook video accusing Plaintiff of sexually assaulting Ms. Klag" and dismissed all other claims asserted by Plaintiff which were discharged by the Bankruptcy Court. Dkt. 71. The Court also granted Plaintiff leave to file a motion with proof of damages. *Id.*

PLAINTIFF'S PROOF OF DAMAGES

1. <u>Income Tax Returns –2015, 2016, 2017</u>

Plaintiff submitted Shutter Fun Photography's D-20 Subcorporation Franchise Tax Returns filed in the District of Columbia for the 2015 and 2016 tax years and Shutter Fun Photography's federal Form 1120S for the 2017 tax year. Dkt. 72, Exhibits 2–4. Plaintiff contends that these returns reflect that he lost income to his photography business due to Defendant's Facebook posting in the amount of $24,383.00. To arrive at this figure, Plaintiff

simply subtracted his gross receipts from 2017 from his gross receipts from 2015 ($155,063.00 – $130,680.00 = $24,383.00). There are several defects in this rationale and the evidence submitted.

First, Plaintiff has produced state income tax returns for two years and a federal income tax return for one year, which does not allow for an accurate comparison of Plaintiff's business income and/or losses for the years in question. Second, the copy of the Form 1120S for 2017 is incomplete. Third, the returns do not reflect lost revenue. To obtain a refund for lost revenue, Plaintiff would have had to first report the income in the year invoiced or incurred (depending on whether his business follows a cash or accrual accounting method). Fourth, Plaintiff's calculation does not consider that, for any decrease in gross receipts caused by a cancelled photoshoot, Plaintiff would have saved his business expenses related to that photoshoot.

Even a comparison of Plaintiff's gross profits (which accounts for business expenses), reflects only a minimal loss of $1,260.00: ($47,677.00 (in 2015) – $46,417.00 (in 2017) = $1,260.00). In sum, the tax information proffered by Plaintiff does not show that Plaintiff's business lost income of $24,383.00 (or any other amount), which can be fairly attributed to Defendant Keppel's July 11, 2016 Facebook posting.

  2. <u>Cancelled Invoices</u>

Plaintiff also submitted various cancelled invoices as proof that his photography business lost income of $38,820.00. Plaintiff contends that fifteen models cancelled their photoshoots (between November 2016 and September 2017) due to Defendant Robinson's July 11, 2016 Facebook post. Dkt. 72, pp. 50-64. This evidence is similarly insufficient.

First, all the invoices reflect cancellations *after* Defendant Robinson retracted her defamatory statement. *See* Dkt. 11, ¶ 14 ("On or about November 2, 2016 Robinson again

admitted on Facebook that her published statements of and concerning Plaintiff and the false claims of sexual misconduct and theft were false.") Although Judge Barreca noted that "[n]umerous comments were posted by models on Facebook in reaction to the first Facebook video indicating that these models would no longer work with Plaintiff" (Dkt. 72, p. 17), Plaintiff submitted no such evidence to support his claim for damages. Certainly, cancellations could occur for any number of reasons but here, there is no evidence to show *why* any of these models chose to cancel their photoshoots. There is simply no evidence that the models cancelled *because* of Defendant Robinson's July 11, 2016 Facebook post and *despite* her November 2, 2016 Facebook retraction.

In short, Plaintiff has failed to show that he suffered actual damages of $63,203.00 as a result of Defendant's defamatory Facebook posting.

## PRESUMED DAMAGES

Although Plaintiff has failed to establish that he is entitled to recover actual damages of $63,203.00, the Court finds that an award of damages is nonetheless appropriate as it was established during the bench trial on November 16 and November 30, 2020 (Adversary Proceeding No. 19-01105, Bankruptcy Case No. 19-11724), that Defendant Robinson's July 11, 2016 Facebook posting was defamatory. Dkt. 72, p. 32. Moreover, because the posting falsely accused Plaintiff of committing a sexual assault, the posting constitutes defamation per se. "The imputation of a criminal offense involving moral turpitude has been held to be clearly libelous per se." *Caruso v. Local Union No. 690 of Int'l Brotherhood of Teamsters*, 100 Wash.2d 343, 353, 670 P.2d 240 (1983) (citing *Ward v. Painters' Local 300*, 41 Wash.2d 859, 252 P.2d 253 (1953)).

Defamation per se is actionable without proof of special damages. *Waechter v. Carnation Co.*, 5 Wash.App. 121, 128, 485 P.2d 1000 (1971) (Upholding jury award of $25,000.00 for numerous defamatory assertions that competitor cheated and delivered rotten milk). Statements falling within the per se categories are thought to be so obviously and materially harmful to a plaintiff that damage can be presumed. *Arnold v. Nat'l Union of Marine Cooks & Stewards*, 44 Wash.2d 183, 187, 265 P.2d 1051 (1954). The Court may also award mental anguish damages without proof of symptomatology or medical diagnosis because the defamatory statements at issue constitute extreme or outrageous conduct (by falsely imputing the commission of crimes). *See*, *Kloepfel v. Bokor*, 149 Wash.2d 92, 66 P.3d 630 (2003).

Based on the foregoing, the Court awards Plaintiff presumed general damages in the amount of $15,000.00. The amount of this award is based on a presumed impact of the defamatory statement on Plaintiff's business and mental anguish associated with being falsely accused of a crime. The amount of this award also considers that only one publication was determined to be defamatory and that Defendant published a retraction (by the same means) less than four months later.

DATED this 9th day of July, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge